IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. BAILEY,[1] | § | |
| | § | No. 165, 2016 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| JACKIE J. JACKSON, | § | File No.     CN08-05031 |
| | § | Pet. Nos.   15-01051 |
| Respondent Below, | § | 14-34742 |
| Appellee. | § | |

Submitted: April 19, 2016
Decided:   June 10, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 10th day of June 2016, it appears to the Court that:

(1)    On March 31, 2016, the appellant, Michael A. Bailey, filed a notice of interlocutory appeal from an order dated February 25, 2016 in a Family Court civil case.   The order was entered by a Family Court Commissioner.

(2)    On April 1, 2016, the Clerk issued a notice directing Bailey to show cause why the appeal should not be dismissed based on this Court's lack of jurisdiction to consider an appeal directly from a Commissioner's

---

[1] By Order dated April 1, 2016, this Court *sua sponte* assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

order.[2]  In response to the Clerk's notice, Bailey asserts that the Supreme Court "may assume Jurisdiction at any time . . . when it becomes necessary to ensure Justice & Public Safety," and he contends that the underlying circumstances in his Family Court case warrant the Court's exercise of jurisdiction here.

(3)    Bailey's claim is without merit.  The appellate jurisdiction of this Court over civil proceedings in the Family Court is limited to decisions issued by the Judges of the Family Court.[3]  Under 10 *Del. C.* § 915(d) and Family Court Civil Rule 53.1(a), a party's right to appeal from a Commissioner's order is to a Judge of the Family Court.[4]  Whether interim or final, an order issued by a Commissioner is not a final judgment for purposes of appeal to this Court.[5]

(4)    If, as Bailey contends, the Commissioner's order was not mailed to him in time to avail himself of the Family Court appeal procedure,

---

[2] Del. Supr. Ct. R. 29(b).

[3] *See* 10 *Del. C.* § 1051(a) ("From any order, ruling, decision or judgment of the [Family] Court in any civil proceeding . . . there shall be the right of appeal as provided by law to the Supreme Court."); *Redden v. McGill*, 549 A.2d 695, 697-98 (Del. 1988).

[4] *See* 10 *Del. C.* § 915(d)(1), (2) (governing final and interim orders issued by commissioners); Del. Fam. Ct. Civ. R. 53.1(a).

[5] *Postles v. Div. of Child Support Enforcement*, 2001 WL 1293065 (Del. Oct. 17, 2001) (citing *Redden v. McGill*, 549 A.2d 695 (Del. 1988)).

that claim should have been raised in the Family Court. This Court lacks jurisdiction to consider Bailey's appeal from the Commissioner's order.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:


_/s/ Karen L. Valihura_
Justice